ILLINOIS CENTRAL RAILROAD CO. *v.* FORD ET AL.

[67 South. 145.]

MASTER AND SERVANT. *Injuries. Statutes. Code* 1906, *section* 4043.
  Code 1906, section 4043, prohibiting the running of locomotives
  and cars through cities, towns, and villages at a rate of speed
  in excess of six miles an hour, and Laws 1908, chapter 194, pro-
  viding that employees of railroad companies shall have the same
  rights and remedies for an injury suffered by reason of the
  act or omission of the company or its employees as are allowed
  persons not so employed, apply where a track laborer, while as-
  sisting in the removal of a hand car, was killed by a train run-
  ning at a speed of more than six miles an hour through an in-
  corporated town.

APPEAL from the circuit court of Panola county.
HON. N. A. TAYLOR, Judge.           ,
Suit by Molly Ford and others against the Illinois
Central Railroad Company. From a judgment for plain-
tiffs, defendant appeals.
The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* for appellants.,

In the course of the trial, various points were pre-
sented; but the controlling one, and that on which we
shall insist, was the violation of the six-mile statute, and
its effect in this case. This point is squarely made by
the refused instruction requested by the defendant
marked "C," which is found on page 89 of the record,
in which the court was requested to charge the jury that
it was not negligence *per se*, for the Railroad Company
to run the train which struck and killed Dave Ford,
through the town of Batesville at a greater rate of speed
than six miles per hour. Also, see the instruction
marked "E," requested by the defendant, and refused,
on the same page, where the court was requested to

charge the jury that the statute prohibiting the running of trains at a greater rate of speed than six miles an hour in an incorporated town had no application in this case. Also, the instructions marked "A" requested by the defendant, on the same page, which was a peremptory instruction, refused.

The point was thus squarely put up to the court, and overruled by the court, and it goes to the very heart of the case that the six-mile statute did not control a case, was not applicable to a case where the party injured was an employee working on the track, one of the section crew, commonly so-called.

In support of our contention, we refer the court to the following decisions: *R. R. Co.* v. *Hughes,* 49 Miss. 258; *Dowell* v. *R. R. Co.,* 61 Miss. 519; *Farquhar* v. *R. R. Co.,* 78 Miss. 193. All of the foregoing cases hold that the six-mile statute did not apply to employees. It was, however, contended in the court below that the effect of those decisions was done away with by the Act of 1908, chapter 194, page 204.

We submit that it is quite clear that these statutes made no change in the law as earlier declared by our supreme court, on this special subject. The Act of 1908, relied upon, is, so far as this question is concerned, essentially the same as chapter 87 of the Acts of 1896, page 97. On this point there is no difference between the two statutes. The court will find that both of these statutes were in force, or rather the Act of 1906 had been in force, and it was amended, so far as it was amended at all, by the Act of 1908, before the decision in 78 Miss. was made.

That case was tried at the October term, 1900, and the case originated while the Act of 1906 was in force evidently, because in the opinion of the court, the effect of the legislation of 1906 on this six-mile statute is expressly considered. We submit, therefore, that the Farquhar case was a decision under this statute. It makes no difference whether the specific statute was that of

1906 or 1908, since on this point they are the same; and we submit that all of these decisions, to the effect that the six-mile statute does not apply to employees, stand as the law today. Every reason of public policy, as announced in the original decision on this point, requires that they shall stand; and we submit that this court will change the rule only in the event that is clearly appears from the statute that the legislature did intend to change it. And it does not so appear.

*L. L. Pearson,* for appellees.

The only point presented for the consideration of the court by counsel for appellant, and which is characterized in the brief for appellant as being "single and narrow," is the refusal of the trial court to instruct that the six-mile per hour statute did not apply in suits for damages to employees of the railroad company.

This contention by counsel for appellant is strained, as by reference to the record it will be seen that no instruction seeking the benefit of the six miles per hour statute was asked or given on the part of plaintiff. It is true that instructions were asked on the part of defendant that such statute did not apply in the case of employees of the railrod company, and were refused by the court, and such instructions were asked for reasons more apparent at this time than at the trial of the case in the court below.

But assuming that appellant is in position to maintain the contention as presented in counsel's brief, has he shown to this court that the contention so made is sound, and further, that being sound, it amounts to reversible error?

In the first place, we maintain that the contention that the six mile per hour statute is not available in the case of employees is not sound at the present time, and notwithstanding the benefits of such statute has been decided in the case of employees by this court in the in-

stances set out in appellant's brief, and there is nothing in any of the cases cited by counsel for appellant which rightfully considered can be held to be in conflict with the correctness of the conclusion above announced, as will abundantly appear by reference to the case of *Farquhar* v. *Railway*, 78 Miss. 193, and a careful analysis of the legislation on the subject both prior and subsequent to the decision in that case.

It occurs to us that instead of the *Farquhar case, supra,* supporting the contention of counsel for appellant, it is in fact decisive against appellant, and furnishes both inspiration and cause for the enactment by the legislature of chapter 194 of the Acts of 1908, relied upon by appellee as expressly intended to do away with all distinctions between rights and remedies of railroad employees and other persons.

There has been a gradual change in public opinion well defined in recent years, protesting against the rigors of the fellow-servant rule, and which has found its expression in this and other states in the progressive legislation on the subject, first extending additional rights and remedies to a certain class of servants or employees, and with like rights and remedies as are provided by law to other persons.

By section 193 of the Constitution of 1890 the same rights and remedies are given to an employee of a railroad corporation as are allowed by law to other persons not employees, "Where the injury results from the negligence of a superior agent or officer or of a person having the right to control or direct the services of the party injured, and also when the injury results from the negligence of a fellow servant engaged in another department of labor from that of the party injured, or of a fellow servant on another train of cars, or one engaged about a different piece of work," thus putting upon an equal footing with all other persons not employees, servants of the railroad company coming within the class so described.

It will not be seriously contended that the benefits of the six-mile per hour statute has at any time since 1890 been denied by this court to employees of a railroad of the above designated class, nor can any decision of this court be found maintaining such contention. On the other hand, by reference to the *Farquhar case, supra,* we find this court using this language: "That the engineer is not a superior officer to the yardmaster is made manifest by the definition of that relation contained in *Evans* v. *Louisville, etc., Ry. Co.,* 70 Miss. 527, and especially may we not overrule the cases of *New Orleans, etc., Ry. Co.* v. *Hughes;* and *Dowell* v. *Vicksburg, etc., R. R. Co.,* since the Constitutional Convention of 1890 with a full knowledge of the doctrine of those cases, has, in section 193 of that instrument, defined the rights between the employees of a railroad company, and has left untouched the rights of parties in cases like the present." So since the Constitution of 1890 the benefits of the six-mile per hour statute has not been denied to any railroad employee of the class designated in section 193 above quoted.

By reference to section 193 of the Constitution of 1890, it is expressly provided: "The legislature may extend the remedies herein provided for to any other class of employees," and the legislature pursuant to such authority did in fact amend section 4056 of the Code of 1906, which is a rescript of section 193 of the Constitution of 1890 by extending to all railroad employees, without reference to class or distinction, the same rights and remedies as are allowed by law to other persons not employees. See Laws 1908, chapter 194.

It would thus conclusively appear and in view of subsequent legislation above referred to, chapter 194, Laws 1908, that this court can no longer adhere to the rule announced in *Railroad Co.* v. *Hughes,* 49 Miss. 258, and *Dowell* v. *Railroad Co.,* 51 Miss. 519, and that the only other case cited by counsel for appellant, *Farquhar* v. *R.*

*R. Co.,* 78 Miss. 193, is really an authority in support of appellee's contention, rather than that of appellant.

REED, J., delivered the opinion of the court.

D'ave Ford, one of a section crew of appellant company, was killed in the town of Batesville when a locomotive collided with a hand car. The hand car was being removed from the track by the crew under the direction of the foreman when struck. The locomotive was passing through the town at a very high rate of speed, much in excess of six miles an hour, when the collision occurred and Ford was killed. The engineer testified that he was going at forty-five miles an hour. Other witnesses testified to a higher rate of speed.

In this action to recover damages for death, the jury returned a verdict in favor of appellees in the sum of three thousand dollars, and, from the judgment entered thereon, this appeal was taken by appellant.

Counsel for appellant present to the court only one ground for reversal which they state in their brief "is single and narrow."

It is that the statute (section 4043, Code of 1906) against the running of locomotives and cars through cities, towns, and villages at the rate of over six miles an hour is not applicable to this case, where the party injured was an employee of the railroad company and working on its track. To sustain their position they refer us to the following decisions: *Railroad Co.* v. *Hughes,* 49 Miss. 258; *Dowell* v. *Railroad Co.,* 61 Miss. 519; *Farquhar* v. *Railroad Co.,* 78 Miss. 193, 28 So. 850. It was held in these cases that the six-mile statute did not apply to employees of the railroad company. This holding followed the common law touching the liability of the master to employees for conduct of fellow servants. But a change has been effected in this rule by statute passed since the decision in the Farquhar Case. At the time of the injury in the Farquhar Case, the statute then in force (chapter 87 of the Laws of 1896; chapter 66 of

the Laws of 1898, Sp. Sess.) provided that an employee should have the same rights and remedies as others, where the injury resulted from the negligence of a superior agent or officer or of a person having the right to control and direct the services of the party injured. In that case the injury was to a yardmaster, who was thrown from a car which was being pulled by an engine through the city of Vicksburg at the rate of speed of about twenty-five miles an hour. The court held that the engineer was not a superior agent or officer to the yardmaster, and that the statute did not apply.

After the Farquhar Case the legislature, by chapter 194 of the Laws of 1908, provided that employees of railroad corporations should have the same rights and remedies for injuries suffered as are allowed to others not employed. The right and remedies were no longer limited, as the laws of 1896 and 1898. They applied in all cases of injuries to employees. We quote from the act as follows:

"Every employee of a railroad corporation, and all other corporations and individuals, using engines, locomotives or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, shall have the same rights and remedies for an injury suffered by him from the act or omission of such railroad corporation or others, or their employees, as are allowed by law to other persons not employed."

The law as announced in the statute controls. Appellee, an employee of the railroad corporation, had the same rights and remedies, for an injury suffered by him from the act or omission of the railroad corporation or its employees, as are allowed by law to other persons not employed. The intention of the legislature to make a change in the fellow-servant rule is very clear in this statute. The six-mile statute is applicable in this case.

*Affirmed.*